McMahon et al., Respondents, *v.* Plummer et al., Appellants

**Contract — Rescission — Trial — Directing Verdict — Chattel Mortgage, Requirement to Pay.**

On an issue of the right to recover on a bank check, it appeared the check had been given by the defendants to the plaintiffs on a settlement of differences as to the right to the possession of certain personal property. The defendants contended, however, that when the check was given the plaintiffs represented that the property was in as good condition as at a prior date, whereas, in fact, it was not, and it had, by the acts of the defendant, been damaged to an amount far in excess of the check. They also contended they held a prior and paramount lien upon the property by virtue of a chattel mortgage duly recorded. At the trial it appeared the defendants were rightfully in possession of the property under proceedings in claim and delivery, and that defendants obtained possession on the settlement of the case by means of this check. It also appeared the defendants had not returned the property to the plaintiffs, or offered to do so, whereupon the court directed a verdict in favor of the plaintiffs for the amount of the check. *Held*, 1. That the direction was proper. 2. That the surrender of the possession of the property, and the dismissal of the claim and delivery action, was a sufficient consideration for the check. 3. That the fact that the defendants held a prior mortgage on the property, and the plaintiffs had taken it without paying off the mortgage as required by section 1754, C. C. (claiming it was void), would not have warranted the court in directing a verdict for the defendants.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Cass county; Hon. W. B. McConnell, Judge.

This was an action by E. J. McMahon and C. M. MacLaren, copartners, as McMahon & MacLaren, plaintiffs, against A. L. Plummer and A. L. Hanson, copartners, as Plummer & Hanson, defendants, on a bank check of the latter to the former for $281. The defendants were bankers, and the check was drawn upon themselves. They admitted the execution and delivery of the check and their refusal to pay it; but "further answering and by way of counter-claim" they alleged that one C. R. Black, on and prior to the 29th of October, 1885, was doing a general mercan-

tile business at Clifford, Traill county, Dakota; that to secure
his certain indebtedness he executed to them a chattel mortgage
on his entire stock of merchandise, which mortgage was duly filed
for record October 30, 1885; that afterward, on the 8th of No-
vember, 1885, the plaintiffs wrongfully and maliciously took from
said Black said goods; that the defendants demanded them from
the plaintiffs, but they refused to deliver them; that the plaintiffs
falsely claimed that they had a lien upon said goods superior to
the defendants; that they represented that the goods had been
moved in a careful manner, and had not been injured; that the
plaintiffs refused to deliver the goods to the defendants until they
executed and delivered to them a check for the amount of the
pretended claim or lien they claimed to have on said goods; that
plaintiffs refused to permit defendants to examine the goods until
the check had been delivered; that the defendants, relying upon the
representations of the plaintiffs as to their pretended claim and
the condition of the goods, delivered to the plaintiffs the check
sued on; that afterward, and before the presentation of said check,
they discovered the representations of the plaintiffs were wholly
false, and that the goods had been damaged by the removal in an
amount equal to twice the check. The plaintiffs, in reply, alleged
that the mortgage of the defendants upon the goods was fraudu-
lent and void as against Black's creditors; that they were attor-
neys doing a collecting business, and that on or about the 8th of
November, 1885, certain creditors of the said Black sent to them
a claim against him for collection; that for the purpose of collect-
ing said claim they, with the consent and concurrence of said
Black, took certain goods from his store; that afterward, on the
9th of November, 1885, the defendants commenced an action in
claim and delivery against said Black and the creditors so repre-
sented by the plaintiffs for said goods, and took the same in said
proceedings; that afterward plaintiffs, on the execution of a re-
delivery bond as provided in such cases, duly obtained possession
of said goods; that afterward there was a full and complete com-
promise, settlement and dismissal of said action between the par-
ties hereto, and in consideration thereof and the delivery of the
possession of said goods to the defendants they executed the
check in suit. All allegations of misrepresentation, fraud and

damages were denied. On the trial of the case, evidence was given on these various issues; but there was nothing tending to show that the defendants had ever returned the property to the plaintiffs that they had obtained on the settlement, nor did it appear that they had ever offered to return it. It, in fact, appeared that they had sold the property in the foreclosure of their mortgage. After both parties had rested, the plaintiffs requested the court to direct a verdict in their favor on the ground that, in order to avoid the contract of compromise, the defendants ought to have put the plaintiffs in the position they were when the compromise was entered into, and as the answer and evidence showed this had not and could not be done, they were liable for the amount of the check. The defendants asked the court to direct a verdict in their favor, on the ground that the evidence showed that the plaintiffs took the property in violation of law in that they had not paid off defendants' mortgage, as required by section 1754, C. C. The court granted the request of the plaintiffs, and the defendants excepted. After the denial of a motion for a new trial and the entry of final judgment the defendants appealed.

*M. W. Greene,* for appellants.

There was a conflict in the evidence as to the material facts in the case. The court erred in directing the verdict. Chicago, etc., R. Co. v. Griffin, 68 Ill. 499; Mayor v. Trimble, 25 Md. 18; State v. Jones, 33 Ia. 9; Montgomery v. Erwin, 24 Ark. 540; Stebbins v. Miller, 12 Allen, 591; Pratt v. Ogden, 34 N. Y. 20; Proffat, Jury, §§ 266, 270, 316; Chenery v. Palmer, 6 Cal. 119; Hadley v. Importing Co., 13 Ohio St. 505; McCall v. Davis, 56 Pa. St. 433.

It appears the possession of the property by the respondents was wrongful, in fact criminal; the court, for this reason alone, ought to have directed a verdict for appellants.

*Ball, Wallin & Smith,* for respondents.

It is well settled that it is the province of the court to determine whether or not there has been any evidence adduced tending to establish fraud, or whether or not the fraud would be available if established. Oscanyan v. Winchester Arms Co., 103 U. S. 261; First Nat. Bank v. Comfort, 28 N. W. Rep. 855.

Contracts obtained by fraud are voidable only. §§ 877, 878, 879, C. C. A party seeking to avoid a contract must restore every thing he has received under it. §§ 964–967, C. C.; Dunks v. Fuller, 32 Mich. 243; 31 id. 159; 33 id. 344; Van Trott v. Weise, 36 Wis. 439.

In order to recover any damages, the appellants ought to have rescinded the contract wherein they gave the check.

By the COURT:

The judgment is affirmed upon the ground :

1. If the check in controversy was obtained by fraud the contract was not void, but voidable, and the defendants should have rescinded, or offered to rescind, and delivered to the defendant, the possession of the property received.

2. There was a sufficient consideration for the check in the surrender of the possession of the property and dismissal of the action.

3. The court did not err in refusing to direct a verdict for the defendants. All of the justices concur.